UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS LOCAL
324 HEALTH CARE PLAN, et seq.,

        Plaintiffs,        CIVIL ACTION NO. 10-CV-12987
vs.

                        DISTRICT JUDGE JOHN CORBETT O'MEARA

MID MICHIGAN CRUSHING    MAGISTRATE JUDGE MONA K. MAJZOUB
& RECYCLING LLC, et seq.,

        Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION TO QUASH SUBPOENA (DOCKET NO. 22) AND DENYING PLAINTIFFS' MOTION TO QUASH SECOND SUBPOENA (DOCKET NO. 27)**

      These matters come before the Court on two motions.  The first motion is the Objection and Motion to Quash Subpoena filed by Plaintiffs and the International Union of Operating Engineers Local 324 ("Local 324") on January 24, 2011.  (Docket no. 22).  The second motion is the Objection and Motion to Quash Second Subpoena filed by Plaintiffs and Local 324 on February 14, 2011. (Docket no. 27).  Defendants Fenton Sand & Gravel and Carol Smith filed responses to the motions. (Docket nos. 25, 37).  Plaintiffs filed reply briefs.  (Docket nos. 26, 38).  These matters have been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 31).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f).  The motions are now ready for ruling.

      This is an action to recover fringe benefit contributions due and owing under collective bargaining agreements.  On January 12, 2011 Defendants' counsel served a subpoena duces tecum on nonparty Local 324 seeking emails, correspondence, and communications between Plaintiffs and

1

Local 324. The subpoena commanded Local 324 to provide the following documents to counsel's office in Ferndale, Michigan by January 24, 2011: (1) All emails, notes, and documents from January 1, 2008 to the present between IUOE Local 324 and Mid Michigan regarding attempts to place Debbie Tacconi on union medical insurance; (2) All emails, notes and documents from January 1, 2008 to the present between IUOE Local 324 and Fenton Sand & Gravel, Inc. regarding Fenton Sand & Gravel, Inc.'s status as a member of Local 324; (3) All correspondence from January 1, 2008 to the present between IUOE Local 324 and any person or entity (including Operating Engineers Local 324 Health Care Plan, et al) with regard to the following: a) when Fenton Sand & Gravel, Inc. became a member of the union; b) when Fenton Sand & Gravel, Inc.'s account was set up with IUOE Local 324; c) any communication with Fenton Sand & Gravel, Inc. regarding its status as a member of IUOE Local 324; d) any communication with Fenton Sand & Gravel, Inc with regard to auditing its books and records; e) any communication by and between IUOE Local 324 and Operating Engineers Local 324 Health Care Plan regarding Fenton Sand & Gravel, Inc.'s status as a member of the union; f) any and all audits conducted by IUOE Local 324 on Fenton Sand & Gravel, Inc. and its operations; g) any and all internal memos and communications by employees of IUOE Local 324 regarding Fenton Sand & Gravel, Inc., its status as a member of the union, Fenton Sand & Gravel, Inc.'s position that it is not a member of the union, requests for medical insurance on behalf of Fenton Sand & Gravel, Inc.'s employees, and any other communication relating in any way to Fenton Sand & Gravel, Inc.; h) any and all internal memos and communications by employees of IUOE Local 324 regarding [Fenton Sand & Gravel, Inc.'s][1] status

---

[1] Subparagraph h of the January 12, 2011 subpoena contains "Mid Michigan Crushing & Recycling LLC" in the second sentence. (Docket no. 22, Ex. A). Defendants state that this was a typographical error and that the second sentence should contain "Fenton Sand & Gravel"

2

as a member of the union, its position that it is not a member of the union, requests for medical insurance on behalf of Mid Michigan Crushing & Recycling, LLC's employees, and any other communication relating in any way to Fenton Sand & Gravel, Inc.; 4) All signed contracts between Fenton Sand & Gravel, Inc. and IUOE Local 324; 5) All contracts and subcontracts which IUOE Local 324 claims Fenton Sand & Gravel, Inc. is and/or was obligated under to follow and fulfill; and 6) All documents provided to Fenton Sand & Gravel, Inc. at any time during the period of January 1, 2008 and the present.  (Docket no. 22, Ex. A).

   Plaintiffs and Local 324 filed an Objection and Motion to Quash on January 24, 2011, the date set in the subpoena for the production of documents.  In their motion and objection, Plaintiffs and Local 324 argue that Defendants are attempting to use this lawsuit to engage in improper discovery in connection with a separate labor dispute with Local 324.  They contend that the National Labor Relations Board ("NLRB") is investigating in a separate case whether the "termination of the collective bargaining agreement was proper," and ask that the subpoena be quashed because it "violates the federal policy" against entangling third-party beneficiary trust funds in labor-management disputes.  (Docket no. 22 at 3, 5).  They also argue that the subpoena should be quashed because it seeks documents related to the impermissible defenses of laches, waiver, estoppel, and fraud.  (Docket no. 26).

   On February 3, 2011 Defendants' counsel served a second subpoena on nonparty Local 324.  (Docket no. 27, Ex. A).  The second subpoena commanded a designee of Local 324 to appear for deposition on February 22, 2011.  In preparation for the deposition the subpoena also commanded

---

instead.  Defendants contend that they only seek to acquire information as it relates to Fenton Sand & Gravel.  (Docket no. 25 at 12-13).

Local 324 to provide the following documents to counsel's office in Ferndale, Michigan by February 14, 2011: (1) The Associated General Contractors of America Greater Detroit Chapter, Inc.; (2) The Associated Underground Contractors (Aug/MITA); (3) The Construction Association of Michigan (CAM); (4) The Contaminated Waste Agreement; (5) The Great Lakes Fabricators and Erectors Association of Michigan; (6) The Great Lakes Marine Agreement; (7) The Hazardous Waste Abatement Agreement; (8) The Hydro-Escavating Agreement; (9) The Labor Relations Division of the Michigan Road Builders Association (MRBA/MITA); (10) The Landscape Agreement; (11) The Michigan Chapter Associated General Contractors/LRD (Michigan Building and Heavy Construction); (12) The Michigan Distribution Contractors Association; (13) The National Pipeline Agreement; (14) The Pre-Engineered Agreement; and (15) The Residential Demolition Agreement (CAM).  (Docket no. 27, Ex. A).

On February 14, 2011, the date set in the second subpoena for the production of documents, Plaintiffs and Local 324 filed the instant Objection and Motion to Quash Second Subpoena, raising the same arguments in this motion as they raised in their first Objection and Motion to Quash. (Docket no. 27).

Rule 45 of the Federal Rules of Civil Procedure provides that a subpoena can command a nonparty to attend and testify for deposition and produce designated documents in their possession, custody, or control.  Fed.R.Civ.P. 45(1)(A)(iii).  A subpoenaed nonparty may serve a written objection on the party designated in the subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Fed.R.Civ.P. 45(c)(2)(B).  The subpoenaed nonparty may also file a motion to quash or modify the subpoena.  Fed.R.Civ.P. 45(c)(3).  A nonparty seeking to quash a subpoena bears a heavy burden of proof.  *Irons v. Karceski*, 74 F.3d

4

1262, 1264 (D.C. Cir.1995).

Plaintiffs and Local 324 argue that Defendants' subpoenas are contrary to federal policy that insulates fringe benefit funds from involvement in labor-management disputes. Their argument is predicated on Defendants Mid Michigan Crushing & Recycling LLC and Vaughn Smith's statements that Defendant Mid Michigan Crushing & Recycling LLC terminated and repudiated its collective bargaining agreement with Local 324 and that this termination and repudiation is presently before the NLRB for decision. (Docket no. 20 at 2 n.1; Docket no. 25 at 11 n.8). In response Defendants argue that the subpoenas only seek information concerning Defendant Fenton Sand & Gravel. Defendants deny that there is a labor dispute between Defendant Fenton Sand & Gravel and Local 324, and Plaintiffs have not shown otherwise. (Docket no. 25 at 13; Docket no. 37 at 3). Plaintiffs and Local 324 have not carried their burden of demonstrating that the Defendants' discovery violates federal policy.

Next, Plaintiffs and Local 324 argue that Defendants' subpoenas seek information related to the impermissible defenses of laches, waiver, estoppel, and fraud. The parties and Local 324 agree that Section 515 of ERISA, 29 U.S.C. § 1145, limits the defenses available to fringe benefit collection actions. Nevertheless, Defendants contend that cases within this circuit recognize the right of an employer to defend against a fringe benefit collection action on the grounds of equitable estoppel, laches, waiver, and fraud in the execution. *See Trustees of Michigan Laborers' Health Care Fund v. Gibbons*, 209 F.3d 587 (6th Cir.2000) (equitable estoppel); *Trustees for Michigan BAC Health Care Fund v. C.S.S. Contracting Co., Inc.*, No. 07-12331, 2008 WL 1820879 (E.D. Mich. April 22, 2008) (equitable estoppel, laches, and waiver); *Bricklayers' Pension Trust Fund-Metropolitan Area v. Chirco*, 675 F.Supp. 1083 (E.D. Mich. 1987) (fraud in the execution).

Plaintiffs and Local 324 disagree with Defendants' assessment and contend that even if these defenses are permissible, they do not apply to this case. (Docket nos. 27, 38).

Defendants assert that the information requested from Local 324 is relevant to their articulated defenses. While this may be so, the requested documents are also relevant on a broader scope. Plaintiffs allege in their complaint that Defendant Fenton Sand & Gravel was and is obligated to make monthly contributions for its union employees. (Docket no. 1). Defendant Fenton Sand & Gravel answered that allegation by denying that a valid and enforceable collective bargaining agreement exists between it and Plaintiffs. (Docket no. 7 at 4). The documents and materials requested from Local 324 are relevant to whether a union agreement exists between Defendant Fenton Sand & Gravel and Local 324 and if so, what benefits were owed under the agreement. Therefore, for purpose of these motions the Court does not need to decide whether Defendants may assert the defenses of waiver, laches, estoppel, and fraud. The documents requested from Local 324 are relevant to this action. Plaintiffs' and Local 324's motions to quash the subpoenas will be denied. The Court will deny Plaintiffs' request for costs and attorney's fees.

**IT IS THEREFORE ORDERED** that Plaintiffs' and Local 324's Objection and Motion to Quash Subpoena (docket no. 22), and Plaintiffs' and Local 324's Objection and Motion to Quash Second Subpoena (docket no. 27) are **DENIED**. Local 324 must produce the information requested in the January 12, 2011 and February 3, 2011 subpoenas by May 6, 2011. Local 324 must also attend and testify for deposition at a date and time agreed upon by the parties and Local 324, but no later than May 20, 2011. Defendants' request for an amended scheduling order has been presented to the district judge for consideration.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: April 18, 2011                s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: April 18, 2011                s/ Lisa C. Bartlett
                                     Case Manager