UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Operating Engineers Local**
**324 Health Care Plan, et al.,**

        Plaintiffs,         Civil Action No. 10-12987

    vs.                           District Judge John Corbett O'Meara

**Mid Michigan Crushing &**        Magistrate Judge Mona K. Majzoub
**Recycling, LLC, et al.,**

        Defendants.
_____/

**ORDER**

      Defendant Fenton Sand and Gravel Incorporated moves to amend its answer. (Dkt. 71.) The Court has been referred this motion pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 72.) The Court has reviewed the pleadings, dispenses with a hearing, and is now ready to rule.[1]

      Defendant seeks to amend its answer to include fraud in the execution as an affirmative defense. (Dkt. 71, Def.'s Mot. to Am.) Plaintiff has filed a response arguing against the motion. (Dkt. 75.)

      A court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D.Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation marks and citation omitted). "A court may deny leave to amend when a party

---

[1] ED Mich. LR 7.1(f)(2).

unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id*. (citation omitted). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from brining a timely action in another jurisdiction." *Id*. (citation omitted). A court may also deny leave to amend when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Department of Veterans Affairs*, 10-11059, 2011 WL 824493, at *1 (E.D.Mich. Mar. 3, 2011) (Majzoub, Mag. J.) (citation omitted).

Defendant argues that Plaintiff has been on notice of the fraud in the execution defense since the beginning of this case. (Def.'s Mot. to Am. at 6-8.) Defendant also argues that this Court referenced the fraud in the execution defense in its April 18, 2011 discovery order. (*Id*. at 12.)

The Court agrees with Defendant–Plaintiff has had notice that Defendant was going to raise a fraud in the execution defense. The Court finds that Defendant's motion to amend therefore has not been made in bad faith, has not delayed this case, and does not prejudice Plaintiff.

While Plaintiff argues that the amendment would be futile, the Court disagrees. Plaintiff has presented an extensive legal and factual analysis of how a fraud in the execution defense would not apply and would ultimately fail in this case. Despite this analysis, the Court finds that, taking Defendant's allegations as true, as the Court is required to do on a motion to dismiss/futility argument, Defendant has pleaded allegations that the fraud in the execution may apply. Whether

the defense actually applies is for later proceedings.

The Court therefore grants Defendant's motion to amend and orders Defendant to submit an amended answer within fifteen days of this order.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: February 13, 2012        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE



### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: February 13, 2012            s/ Lisa C. Bartlett
                                    Case Manager